Curia, per
Richardson, J.
As dower consists in the widow’s right, during her life, to one-third part of all the lands of which her husband was seized during their coverture, and as seven years’ use of land is the measure of the value of a life estate, it rationally follows that seven years’ lawful interest of the money value of the land is the equivalent of the life estate. It is plain, then, that commissioners who have assessed the value in money must award to the widow one-third of seven years’ interest upon the money value so assessed, in lieu of her dower. But one-third of such seven years’ interest is so nearly equal to one-sixth part of the entire assessment, that such one-sixth is taken, in practice, as the true measure, in money, of the value of dower. Wright vs. Jennings, 1 Bail. Rep. 277.
But the commissioners are bound to adhere to the proper measure. The right of dower is the same as other legal rights to property, and as strictly regarded in law; old or young, the widow has the same estate, and of course is entitled to the same equivalent. Yet there are judicial dicta that would go to allow some discretion, in extreme cases of the age or youth of the widow. But, for myself, I do not recognize any such qualification. In the case before the Court, the return of the commissioners was very properly recommitted to them, because it awarded to the widow twenty-eight dollars more than she was entitled to, under the rule before noticed. And, assuredly, the Court could not alter the return. But this Court are of opinion that the demandant might have lawfully released or re *141 mitted the excess of twenty-eight dollars, and thus answer the only tenable objection.
Perrin, for the motion; Burt, contra.
St is therefore ordered that, upon the demandant so releasing and remitting the excess of twenty-eight dollars, the return of the commissioners be confirmed and entered of judgment. But unless such remitter be entered, the motion in this Court is dismissed.
O’Neall, Evans, Earle, and Butler, JJ., concurred.
Wardlaw, J., having been of counsel, gave no opinion.